GreeN, J.
delivered the opinion of the court.
This is a suit commenced before a Justice of the Peace, to recover money which the plaintiff alleged he had paid upon a usurious contract. It appeared in evidence, that the plaintiff below, Joseph Clark, procured his father, Absalom Clark, to execute to the plaintiff his note for $75, due twelve months after date, with a view to raise money on it. This note was sold to Ramsey for $60. When this note fell due, the said Absalom executed to Joseph Clark a note for $90, also payable twelve months after date, and this note was given to Ramsey to take up the one for $75. When the $90 note fell due it was paid, and this suit was brought to recover the excess over six per cent, per annum, that was discounted in these two transactions.
The court charged the jury in substance, that if the note was made as the result of a business transaction, the payee might sell it at a greater discount than six per cent, per annum, if he thought proper, and the transaction would not be usurious; but, that, if the note was made for accommodation, to be sold in the market to raise money, and it was purchased at a greater rate of discount than six per cent per annum, the transaction *245 ■would be usurious. And, that, it is unimportant whether the purchaser of the note knew it was made for accommodation, to be sold in the market to raise money, or not; that under sucha, state of facts, the transaction would be equally usurious without notice as with it. In a criminal prosecution the law would be different, because, in such case, the intent with which the act was done would be material. The jury found a verdict for the plaintiff for $28. The court refused to grant a new trial, and the defendant appealed to this court.
We think the court erred in the lalter part of the charge, in which the jury were told, that the purchaser of a note at a greater discount than six per cent, per annum, would be guilty of usury, if it should turn out that it was made for accommodation, and was not a real transaction, although he might be entirely ignorant of the consideration for which the note was made. We do not understand any decision of this court to have gone so far, and we think, upon principle, the proposition is erroneous.
The 4th section of the act of 1834, (Ca. & Nich. 407,) provides a remedy, “when a greater sum, than that prescribed in the third section, is reserved directly or indirectly.” It is manifest that this language is not applicable to the business transaction of purchasing a note, but it does embrace the case where there is a negotiation for a loan of money, and the stratagem is resorted to of obtaining an accommodation note of another person tobe sold, with a view to evade the laws against usury. In such case the usury is in fact and in substance reserved indirectly; although it is in form the purchase of a note, yet it is in substance a loan of money. But if the purchaser of the note knows nothing about the consideration for which it was made, and takes an assignment of it, supposing it to be a lawful business transaction, he can be guilty of no desire indirectly to reserve a greater amount of interest than the law allows. In form it is admitted the contract is valid and that it becomes invalid,by showing that it was a contrivance to evade the law, and in fact indirectly reserving usurious interest.
The case of Dew vs. Eastham (2 Yerg. Rep. 463,) was plainly one of this kind. In that case, John Dew applied to East- *246 ham to borrow money. He told him he would buy cash notes at the usual discount. He was asked if he would take cash notes on J. C. Dew; he replied, he' would: J. C. Dew then made four notes of $25 each, and one for $12 50, payable to John Dew, and these were' by him endorsed and sold to East-ham for $75. All the parties then went before a Justice of the Peace, and the Dews permitted judgment to be rendered against them for $112 50; Eastham was to wait four months. This was very properly held to be an usurious transaction. But if Eastham had known nothing of the transaction until the notes were brought to him, and he had purchased them, supposing J. C. Dew owed the money, the case would have been very different. It would be impossible in such case, for him to be guil-. ty of a contrivance to evade the law, and indirectly to reserve usurious interest.
But it is argued, that if usury enters.into a contract between the original parties to a note, it follows the note into the hands of innocent assignees, and that by a parity of reasoning, the charge of his Honor, in the case, was correct.
It is certainly true, in the case stated, that the maker of the usurious note could avail himself of the defence, even against an innocent assignee, who might become the holder. And this is the decisionin the case of Tait vs. Hannum, 2 Yerg. Rep. 350. The reason is, that the note was void by the law, on account of the usury. And a void surety does not become binding by reason of having been endorsed to an innocent holder. But this reason has no application to the case now before us. This was no void surety in the hands of the plaintiff before he endorsed it to Ramsey. It received its taint, if at all, in the contract between these parties. But as the form of this contract is such as the law sanctions, to make it invalid, it must be shown that the parties intended that which the law forbids. As it regards the second note, it is admitted there was usury, and it may turn out upon another trial, that Ramsey knew of, and entered into the contrivance by which the first note was made.
Let the judgment be reversed, and the cause be remanded for another trial.